IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ANZARA BROWN, | § |
| | § No. 80, 2023 |
| Defendant Below, | § |
| Appellant, | § Court Below—Superior Court |
| | § of the State of Delaware |
| v. | § |
| | § Cr. ID No. 1205025968A (K) |
| STATE OF DELAWARE, | § |
| | § |
| Appellee. | § |

Submitted: September 15, 2023
Decided: October 27, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## ORDER

(1)   Anzara Brown appeals the Superior Court's order, dated February 23, 2023, denying his motion for correction of illegal sentence. For the reasons discussed below, we affirm.

(2)   In September 2013, a Superior Court jury found Brown guilty of possession of marijuana, drug dealing, aggravated possession of a controlled substance, carrying a concealed deadly weapon ("CCDW"), possession of a deadly weapon during the commission of a felony ("PDWDCF"), second-degree conspiracy, and second-degree criminal solicitation. The Superior Court deferred sentencing, pending a presentence investigation.

(3) Before sentencing, the State filed a motion seeking habitual-offender sentencing on the aggravated possession and drug dealing charges under 11 *Del. C.* § 4214(b). At sentencing on October 29, 2013, Brown's counsel stated that she had reviewed the motion with Brown and that they had no legal basis to oppose the motion, and the court found that Brown was a habitual offender. The State then asserted that Brown was also eligible for habitual-offender sentencing under 11 *Del. C.* § 4214(a) for the PDWDCF and CCDW convictions. Brown and his counsel did not object, although discussion ensued regarding whether the PDWDCF and CCDW offenses were subject to minimum-mandatory sentences under Section 4214(a). The court sentenced Brown as follows: (i) under Section 4214(b), to two life sentences for the charges of drug dealing and aggravated possession;[1] (ii) under Section 4214(a), to twenty-five years of imprisonment for the PDWDCF offense and to two years of imprisonment for the CCDW offense; (iii) to two years of imprisonment, suspended for one year of Level II probation, for second-degree conspiracy; and (iv) to six months of imprisonment, suspended for one year of Level II probation, for possession of marijuana. This Court affirmed Brown's convictions and sentence on direct appeal.[2]

---

[1] The court later entered a corrected sentencing order merging these two offenses for sentencing purposes.

[2] *Brown v. State*, 117 A.3d 568 (Del. 2015).

(4) Brown has filed various unsuccessful motions for postconviction relief or challenging his sentence. On February 21, 2023, Brown filed a motion for correction of an illegal sentence. The Superior Court denied the motion, and Brown has appealed to this Court. He claims that his sentences for PDWDCF and CCDW are illegal, and he is therefore entitled to relief under Superior Court Rule of Criminal Procedure 35(a), because the State did not file a written petition seeking habitual-offender sentencing under Section 4214(a) on those offenses.

(5) We review the denial of a motion for correction of sentence for abuse of discretion.[3] To the extent the claim involves a question of law, we review the claim *de novo*.[4] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

(6) Brown has not demonstrated that he is entitled to relief under Rule 35(a). Before sentencing, the State filed a petition for habitual-offender sentencing on aggravated possession and drug dealing under Section 4214(b). At sentencing, the State orally sought habitual-offender sentencing on the CCDW and PDWDCF

---

[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[4] *Id.*
[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

convictions under Section 4214(a). Brown and his counsel did not make procedural or substantive objections to the State's request. Brown's current contention that the State's request was procedurally improper is an attack on the manner in which the sentence was imposed and is therefore untimely under Rule 35(a) because it was not raised within ninety days of sentencing.[6]

(7) After Brown filed his opening brief in this appeal, the State filed a motion to affirm under Rule 25(a). The Court denied the motion and asked the State to address whether the applicable version of Section 4214(a) required the Superior Court to impose the "minimum sentence which shall not be less than the statutory maximum penalty" for Brown's CCDW conviction for carrying concealed brass knuckles. More specifically, the Court asked the State to address whether the offense of carrying concealed brass knuckles was a "violent felony" under the applicable version of 11 *Del. C.* § 4201(c) and, if it was not, whether Brown's CCDW sentence is illegal.

---

[6] *See Reed v. State*, 2018 WL 816675, at *1 (Del. Feb. 9, 2018) ("[B]ecause Reed's claims challenging the notice, hearing, and decision on the habitual offender motion are properly viewed as an attack on the manner in which the sentence was imposed, those claims are untimely under Rule 35(a) because they were not raised within ninety days of sentencing." (citations omitted)); *see also Brown v. State*, 2021 WL 5984261, at *2 (Del. Dec. 16, 2021) (stating that claims that the State did not timely file a habitual-offender petition and that Brown therefore did not have an opportunity to object were claims that the sentence was imposed in an illegal manner and therefore subject to the ninety-day time bar); *Brown v. State*, 2020 WL 609646, at *3 (Del. Feb. 7, 2020) ("Brown raised no objection to the Superior Court sentencing him on the same day it considered the State's habitual offender motion, nor did he file a timely motion for the correction of a sentence imposed in an illegal manner within ninety days of the imposition of the sentence. Accordingly, Brown may not object to [the] court's failure to hold a separate hearing on the State's motion to declare him an habitual offender now." (citation omitted)).

(8) The offense of carrying concealed brass knuckles was not a violent felony under the applicable version of Section 4201(c).[7] Therefore, under Section 4214(a), Brown was subject to a sentence of up to life in prison in the Superior Court's discretion,[8] but no minimum-mandatory sentence applied.[9] The Superior Court imposed a two-year sentence, which corresponded to the minimum-mandatory sentence that would have applied if Brown's CCDW offense were a violent felony.[10] Because the sentence corresponds to the statutory maximum for non-firearm CCDW and could be imposed even if Brown had not received a habitual-offender sentence, the State argues that Brown's two-year sentence for CCDW is not illegal.

---

[7] *See* 11 *Del. C.* § 4201(c) (effective Apr. 19, 2012, to May 31, 2012) (designating "1442 Carrying a Concealed Deadly Weapon (Firearm Offense)" as a violent felony); 2010 Del. Laws ch. 313 (H.B. 226) (approved June 29, 2010) (amending definition of "violent felony" in Section 4201(c) to replace "Carrying a Concealed Deadly Weapon (Subsequent Offense)" with "Carrying a Concealed Deadly Weapon (Firearm Offense)").

[8] *See* 11 *Del. C.* § 4214(a) (effective Sept. 1, 2011, to May 31, 2012) ("Any person who has been 3 times convicted of a felony . . . and who shall thereafter be convicted of a subsequent felony . . . is declared to be an habitual criminal, and the court in which such 4th or subsequent conviction is had, in imposing sentence, may in its discretion, impose a sentence of up to life imprisonment upon the person so convicted. . . .").

[9] *See id.* (". . . . Notwithstanding any provision of this title to the contrary, any person sentenced pursuant to this subsection shall receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this title for the 4th or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal except that this minimum provision shall apply only when the 4th or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title.").

[10] *See* 11 *Del. C.* § 1442 (effective June 29, 2010, to present) (designating CCDW not involving a firearm as a class G felony); *id.* § 4205(b)(7) (effective June 30, 2003, to present) (providing for a sentence "up to 2 years" at Level V for a class G felony); *id.* § 4214(a) (effective Sept. 1, 2011, to May 31, 2012) (providing that if the offense for which the court is imposing the habitual-offender sentence is a violent felony, the person "shall receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this title" for the offense).

(9) The record is not clear as to whether the Superior Court imposed the two-year sentence in the exercise of its discretion, or whether the court believed Section 4214(a) required it to impose a minimum of two years. When the State orally moved for sentencing under Section 4214(a) on the PDWDCF and CCDW offenses, the court inquired whether those offenses were violent felonies. The State initially indicated that neither PDWDCF nor CCDW were violent felonies,[11] then indicated that PDWDCF was a violent felony but non-firearm CCDW was not[12] (which appears to have been the correct statement of the law),[13] but then stated that CCDW was also a violent felony.[14] The court then asked if counsel for the State was looking at Section 4201, and counsel said that she was and referred to a specific page of a book. The court responded, "Right. The maximum there is two years," and the State agreed.[15] The court then imposed a two-year sentence for the CCDW offense.

(10) In *Jones v. State*, the defendant pleaded guilty to possession of a firearm by a person prohibited ("PFBPP"), an offense that was subject to enhanced sentencing depending on the number and nature of prior offenses.[16] The plea paperwork indicated that the parties agreed that Jones had two prior violent felonies

---

[11] Appendix to Answering Brief at B-6:15-17.
[12] *Id.* at B-6:15-17, B-7:4-8.
[13] *See* 11 *Del. C.* § 4201(c) (effective Apr. 19, 2012, to May 31, 2012) (designating "1442 Carrying a Concealed Deadly Weapon (Firearm Offense)" and "1447 Possessing a Deadly Weapon During the Commission of a Felony" as violent felonies).
[14] Appendix to Answering Brief at B-7:23-8:2.
[15] *Id.* at B-8:3-10.
[16] 2021 WL 4098967 (Del. Sept. 8, 2021).

and that his PFBPP offense was therefore subject to a minimum-mandatory term of ten years under 11 *Del. C.* § 1448(e)(1)(c).[17]  The Superior Court sentenced Jones to fifteen years of imprisonment, suspended after ten years for decreasing levels of supervision.  Jones later filed a motion for correction of an illegal sentence, arguing that his sentence was illegal because one of his prior offenses was not categorized as a violent felony at the time of his PFBPP offense.  On appeal, the State conceded that one of the prior offenses was not a violent felony at the relevant time.  Jones therefore was not subject to the ten-year minimum-mandatory sentence under Section 1448(e)(1)(c).[18]  Because it appeared from the record that the parties agreed that Jones was subject to the ten-year minimum-mandatory and that the sentencing judge believed that Jones was subject to the minimum-mandatory term, this Court reversed the denial of the motion for correction of illegal sentence and remanded for resentencing.[19]

(11)   Brown's CCDW sentence bears certain similarities to *Jones*.  As in *Jones*, the Superior Court was not required to impose a minimum of two years for Brown's CCDW offense, but it appears from the record that the parties and the court believed that a minimum of two years was required.  As in *Jones*, the Superior Court

---

[17] *Id.* at *1, 2.
[18] *Id.* at *2.
[19] *Id.* at *2-3; *see also Barksdale v. State*, 2023 WL 2761687, at *1 (Del. Apr. 3, 2023) (noting that defendant had been resentenced for PFBPP "because the parties incorrectly believed at the time of the original sentencing that Barksdale was subject to a ten-year minimum mandatory sentence for PFBPP").

imposed a period of incarceration that fell within the statutory range, and the nonsuspended term corresponded to the minimum-mandatory term that would have applied if non-firearm CCDW were a violent offense, as the parties and court appear to have mistakenly believed. In *Jones*, however, the defendant was not in fact eligible for enhanced sentencing but was sentenced to the minimum-mandatory term that would have applied if he were. Here, in contrast, Brown *was* eligible for habitual-offender sentencing and therefore could have received a sentence up to life under Section 4214(a) for the CCDW offense. The relief that Brown seeks is resentencing without habitual-offender enhancement—as to his CCDW offense, that would mean resentencing with a maximum potential penalty of two years. He is not entitled to that relief, and he does not seek resentencing under Section 4214(a). We therefore affirm the Superior Court's judgment.[20]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[20] *Cf. Campbell v. State*, 2022 WL 1278996 (Del. Apr. 28, 2022) (affirming denial of motion to correct illegal sentence where the appellant argued that the sentence imposed was lower than the applicable minimum-mandatory sentence and sought to withdraw his guilty plea on that basis, rather than imposition of the higher sentence).